IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO G. PANGILINAN,<br><br>            Petitioner,<br><br>      v.<br><br>GREG LEWIS, Warden,<br><br>            Respondent.<br>_____/ | No. C-12-0194 TEH (PR)<br><br>ORDER TO SHOW CAUSE, DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND DENYING AS MOOT REQUEST TO PROCEED <u>IN FORMA PAUPERIS</u><br><br>Doc. ##2, 6 |

Petitioner, a state prisoner incarcerated at Pelican Bay State Prison in Crescent City, California, has filed a <u>pro se</u> Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Contra Costa County Superior Court. Doc. #1.

I

According to the Petition, in 2009, Petitioner was convicted by jury of two counts of murder, assault with a deadly weapon, and the jury's finding true deadly weapon use, and multiple murder special circumstance allegations. Doc. #1 at 32. He was sentenced to consecutive terms of life without possibility of parole

for two homicides, a determinate term of 3 years for a conviction of assault, and consecutive determinate terms of one year each of use of a deadly weapon in each of the two homicides, as well as various fines and court fees. Id. at 7. Petitioner unsuccessfully appealed his conviction to the state appellate courts (id. at 32-40) and to the California Supreme Court (id. at 3). The instant federal Petition for a Writ of Habeas Corpus followed.

## II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Petitioner seeks federal habeas corpus relief by alleging that there was insufficient evidence to support his conviction for the murder of Virgina Farley.

Liberally construed, Petitioner's claim appears cognizable under 28 U.S.C. § 2254 and merits an Answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## III

Petitioner seeks leave to proceed in forma pauperis, (Doc. #6), which the Court DENIES AS MOOT. The Court has already granted

2

Petitioner in forma pauperis status. Doc. #5.

Petitioner also seeks appointment of counsel (Doc. #2), which the Court DENIES without prejudice. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner clearly presented his claim for relief in his petition and an Order to Show Cause has issued. Nor is the issue presented complex. Accordingly, the interests of justice do not require appointment of counsel at this time. Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum).

IV

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto (i.e., Doc. #1), on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a

determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the Answer.

3. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty (30) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fifteen (15) days of receipt of any Opposition.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED    *04/25/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.12\Pangilinan-12-0194-osc.wpd

**4**